UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, a District of Columbia non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STAPLES, an individual,<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff National Commission for the Certification of Crane Operators ("Plaintiff" or "NCCCO"), for its complaint against defendant Richard Staples ("Defendant"), alleges as follows.

### NATURE OF THE ACTION

1. This is an action for cybersquatting under federal law. Defendant has registered and used various domain names that infringe NCCCO's registered trademarks. Despite repeated demands, Defendant has refused to transfer or otherwise surrender the infringing domains.

### JURISDICTION

2. This action arises, in part, under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

### VENUE

3. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400. Defendant is a resident of Massachusetts and is doing business and transacting business within this district, he or his

agents may be found within this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

4. The National Commission for the Certification of Crane Operators ("NCCCO") is a District of Columbia non-profit corporation formed to develop performance standards for the safe operation of cranes. NCCCO is an industry organization that administers certification programs in numerous states. NCCCO's principal place of business is located in Fairfax, Virginia.

5. The public has a strong interest in the proper training and certification of crane operators, and many jurisdictions require crane operators to be certified to operate cranes. By providing an independent assessment of operator knowledge and skills, NCCCO seeks to enhance the safe use of lifting equipment, reduce workplace risk, improve performance records, stimulate training, and give due recognition to the professional skill of crane operation.

6. Defendant Richard Staples is an entrepreneur having multiple corporations. For instance, according to the Massachusetts Secretary of the Commonwealth, Corporations Division, Defendant is an owner of Cape Cod Hydraulics, Inc., Precision Pavement Maintenance, Inc., R M S Properties LLC, and R. Spec Certifications LLC. Notably, Defendant also runs a variety of websites related to cranes and crane testing. For instance, according to ICANN records, Defendant owns 'CICcranetest.com,' 'CraneDecals.com,' and 'CraneInspectionsAndDecals.com' domain names, among others.

7. Mr. Staples is acquainted with NCCCO. Among other things, he took a practical exam in 2007—for which he never paid—and signed up for, but never took, several written exams.

8. Upon information and belief, Defendant resides in Plainville, Massachusetts and is a citizen of the Commonwealth of Massachusetts. Upon information and belief, Mr. Staples also works in Massachusetts.

## FACTUAL BACKGROUND

9. NCCCO's professional Certified Crane Operator ("CCO") credential is currently held by more than 66,000 individuals nationwide. NCCCO has administered over 700,000 written and practical examinations in nine categories issuing upwards of 130,000 certifications in all 50 states.

10. NCCCO is the owner of the NCCCO mark (the "NCCCO Mark"). NCCCO first used the NCCCO Mark in U.S. commerce in 1996. The NCCCO Mark is a federally registered service mark (Reg. No. 3359225). This registration is subsisting and in full force and effect.

11. NCCCO is also the owner of the CCO service mark (the "CCO Mark"). NCCCO first used the CCO Mark in U.S. commerce in 1996. The CCO Mark is a federally registered service mark (Reg. No. 3359228). This registration is subsisting and in full force and effect.

12. In addition, NCCCO is the owner of the NCCCO Logo. NCCCO first used the NCCCO Logo in U.S. commerce in 1996. The NCCCO Logo is a federally registered service mark (Reg. Nos. 3359226 and 3359227). These registrations are subsisting and in full force and effect.

13. As set forth in written Policy Statements issued by NCCCO, the foregoing registered service marks (the "NCCCO Registered Marks") are the exclusive property of NCCCO, and "may not be used without prior written permission." (*See* http://www.nccco.org/general/p_logos.html ("Any unauthorized use will be grounds for [] legal action.").)

14. In early 2012, NCCCO discovered that Mr. Staples was using and is continuing to use the NCCCO Registered Marks in connection with the following domain names: 'ncco.us' and 'nccocranetest.com' (collectively "Infringing Domains").

15. Upon information and belief, on or about March 13, 2011, Mr. Staples registered the 'nccocranetest.com' domain name through a domain registrar.

16. Upon information and belief, on or about July 16, 2011, Mr. Staples registered the 'ncco.us' domain name through a domain registrar.

17. At no time did NCCCO give Defendant any authorization or consent, written or otherwise, to register any of the Infringing Domains.

18. Furthermore, at no time did NCCCO give Defendant any authorization or consent, written or otherwise, to use any of the Infringing Domains.

19. Upon information and belief, until early 2012, when a user of the World Wide Web entered the www.ncco.us Uniform Resource Locator (URL) into their web browser, they were directed to Defendant's 'CraneInspectionsAndDecals.com' website.

20. Upon information and belief, until early 2012, when a user of the World Wide Web entered the www.nccocranetest.com URL into their web browser, they were presented with links to Defendant's other websites, including 'CICcranetest.com,' 'CraneDecals.com,' 'CertifiedCraneInspections.com,' and 'ncco.us.'

21. The website at www.CICcranetest.com claims that 'CICcranetest.com' is a division of R. Spec Certifications LLC. R. Spec Certifications LLC is not endorsed by, sponsored by, or affiliated with NCCCO.

22. On or about August 9, 2012, counsel for Plaintiff contacted Mr. Staples regarding the Infringing Domains and requested, *inter alia*, that Mr. Staples transfer the Infringing Domains to NCCCO. Attached hereto as **Exhibit A** is a true and correct copy of the letter to Mr. Staples dated August 9, 2012.

23. On or about August 12, 2012, Mr. Staples responded with a communication informing Plaintiff's counsel that Mr. Staples had "parked" the Infringing Domains, but refusing to take any further action. Attached hereto as **Exhibit B** is a true and correct copy of Mr. Staples' communication dated August 12, 2012.

24. On or about September 14, 2012, Plaintiff's counsel sent a follow-up communication requesting the transfer of the Infringing Domains. Attached hereto as **Exhibit C** is a true and correct copy of the letter to Mr. Staples dated September 14, 2012.

25. As of the date of this filing, Mr. Staples has yet to transfer the Infringing Domains, or any of them, to NCCCO.

26. Defendant's conduct, as alleged herein, tends to result and/or will result in irreparable harm to NCCCO including, without limitation: (a) a material diminution in the value of NCCCO's intellectual property; (b) loss of NCCCO's goodwill and reputation; (c) compromising the integrity and effectiveness of NCCCO's crane operator certification process and the certification requirement in the relevant states; and (d) compromising the integrity of the licensing process established by the various states to which NCCCO provides services.

27. Defendant continues to engage in such wrongful conduct despite repeated demands to cease and desist.

### FIRST CLAIM FOR RELIEF
**Cybersquatting**
**(By NCCCO Against Defendant)**

28. NCCCO refers to and incorporates herein by this reference the allegations in the foregoing paragraphs 1 through 27, inclusive.

29. Defendant registered the 'ncco.us' and 'nccocranetest.com' domain names with the bad faith intent to profit from the NCCCO Registered Marks and from NCCCO's goodwill.

30. The 'ncco.us' and 'nccocranetest.com' domain names each include the CCO Mark and/or are confusingly similar to the CCO Mark and the NCCCO Mark.

31. Defendant's registration of the 'ncco.us' and 'nccocranetest.com' domain names, as alleged herein, constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

32. The acts of Defendant complained of herein have damaged NCCCO and will, unless restrained, further damage NCCCO and impair the value of NCCCO's business. Damages include, but are not limited, to a material diminution in the value of NCCCO's intellectual property, loss of profits, loss of goodwill, and loss of reputation.

33. NCCCO is entitled to recover damages in an amount to be proven at trial.

34. NCCCO is also entitled to injunctive relief and to a court order transferring the domain names to NCCCO pursuant to 15 U.S.C. § 1125(d)(1)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NCCCO prays for judgment against Defendant as follows:

1. For compensatory and/or statutory damages according to proof;

2. For injunctive and other appropriate equitable relief;

3. For an order transferring the domain names 'ncco.us' and 'nccocranetest.com' to NCCCO;

4. For an order directing Defendant to deliver up and destroy all software, computer screen printouts, advertisements, labels, signs, prints, packages, wrappers, receptacles, and all other materials in his possession or under his control that resemble or bear the NCCCO Registered Marks or NCCCO Logo or any other mark containing the term CCO or any other reproduction, counterfeit, copy or colorable imitation of the CCO Mark or NCCCO Logo;

5. For attorneys' fees and costs of suit under 15 U.S.C. § 1117(a);

6. For treble damages under 15 U.S.C. § 1117(a); and,

7. For such other relief as the Court may deem just and proper.

## JURY DEMAND

NCCCO hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

NATIONAL COMMISSION FOR THE
CERTIFICATION OF CRANE OPERATORS,
By its attorneys,


/s/ Mark S. Furman
Mark S. Furman (BBO# 181680)
Emily C. Shanahan (BBO# 643456)
Tarlow, Breed, Hart & Rodgers, P.C.
101 Huntington Avenue, Suite 500
Boston, MA   02199
(617) 218-2000
mfurman@tbhr-law.com
eshanahan@tbhr-law.com

-and-

John N. Zarian
Parsons Behle & Latimer
960 Broadway Avenue, Suite 250
Boise, ID  83706
(208) 562-4900
jzarian@parsonsbehle.com

Dated:  June 5, 2013